IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRIAN KEITH SHARP,    )
        Petitioner,    )  No. C 05-0583 CRB (PR)
  vs.    )  ORDER DENYING PETITION
        )  FOR A WRIT OF HABEAS
RICHARD KIRKLAND, Warden,    )  CORPUS
        )
        Respondent.    )
        )

      Petitioner pleaded guilty to six counts of grand theft and one count of passing a check knowing there are insufficient funds in the Superior Court of the State of California in and for the County of Santa Clara. He also admitted that he had suffered a prior prison term. On September 22, 2003, he was sentenced to seven years and four months in state prison.

      On February 7, 2004, petitioner filed a motion to amend the judgment claiming deprivation of various pre-sentence custody credits. The trial court denied the motion and, several moths later, the California Court of Appeal affirmed the judgment of the trial court. On January 12, 2005, the Supreme Court of California denied review. The instant federal petition claiming unlawful deprivation of pre-sentence credits followed.

      Per order filed on April 18, 2005, the court found that the petition appeared to state a cognizable claim under § 2254 and ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent filed an answer to the order to show cause. Petitioner did not file a traverse.

# DISCUSSION

A.    <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." <u>Id.</u> § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." <u>Id.</u> at 413.

"[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." <u>Id.</u> at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state

court's application of clearly established federal law was "objectively unreasonable."  Id. at 409.

The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision.  Id. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003).  While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent, only the Supreme Court's holdings are binding on the state courts and only those holdings need be "reasonably" applied.  Id.

B.     Claim & Analysis

Petitioner claims he was not given credit for time served in the county jail prior to sentencing, as required by California law.  He argues that he was arrested on June 9, 2003 and sentenced on September 22, 2003, and therefore is entitled to 111 days custody credit plus good time/work time credits pursuant to California Penal Code sections 2900.5 and 4019.

The California Court Appeal rejected petitioner's claim for lack of merit. The court explained:

> The probation officer's report indicates that Sharp had zero days custody credit and zero days of good time/work credits. During the sentencing hearing, defense counsel raised the issue of credits and asked the court to consider awarding Sharp credits dating from June 9.  In sentencing Sharp, the court stated, "[c]redits at this time are zero.  And I'm not going to grant credits counsel in this matter.  He had mixed conduct and apparently was not doing well on parole as evidenced by the statement from the parole officer."
>
> Subsequently, Sharp sent a document entitled "Ex-Parte Motion to Amend Abstract of Judgment (AOJ) to Include Pre-Sentence Credits per P.C. §§ 2900.5 & 4019" to Judge Wetenkamp. Judge Wetenkamp denied the request stating, "[r]equest for additional credits has been reviewed.  Defendant was serving a parole violation based on 'mixed conduct.'  Therefore, defendant

> was not entitled to credits toward the new sentences. [¶] Request is denied."
>
> . . . .
>
> Sharp asserts that because 41 days were added to his parole period for absconding, he is being punished twice for the same matter in that he is not getting any credit from the court. He argues that the 41 days should be subtracted from his custody credits and he should receive the remaining days plus any good time/work time credits to which he is entitled.
>
> In *People v. Bruner* (1995) 9 Cal.4th 1178, the court explained that "where a period of presentence custody stems from multiple, unrelated incidents of misconduct, such custody may not be credited against a subsequent formal term of incarceration if the prisoner has not shown that the conduct which underlies the term to be credited was also a 'but for' cause of the earlier restraint. Accordingly, when one seeks credit upon a criminal sentence for presentence time already served and credited on a parole or probation revocation term, he cannot prevail simply by demonstrating that the misconduct which led to his conviction and sentence was 'a' basis for the revocation matter as well." (*Id.* at pp. 1193-1194.) The court approved of decisions applying the general rule "that a prisoner is not entitled to credit for presentence confinement unless he shows that the conduct which led to his conviction was the sole reason for his loss of liberty during the presentence period. Thus, these cases reason, his criminal sentence may not be credited with jail or prison time attributable to a parole or probation revocation that was based *only in part* upon the same criminal episode." (*Id.* at p. 1191; see *People v. Williams* (1992) 10 Cal.App.4th 827, 832, original italics [burden on defendant].)
>
> Sharp admits that his parole was revoked in part because he absconded. Thus, Sharp cannot satisfy his burden to show that the conduct underlying his conviction was the sole – or "but for" – reason for the disputed period of custody. (See, e.g., *In re Bustos* (1992) 4 Cal.App.4th 851, 855 [no credit against sentence for weapons violations, where custody also attributable to parole hold based probation violation]; *In re Nickels* (1991) 231 Cal. App.3d 415 [no credit against sentence where custody also attributable to hold for parole violation].) As a result, we do not find that the court erred in denying him credit against his sentence for the current offenses.

People v. Sharp, No. H027190, slip op. at 2-4 (Cal. Ct. App. Nov. 3, 2004)

(footnotes omitted) (Pet. Ex. A).

The California Court of Appeal's decision was not contrary to, or involved

an unreasonable application of, clearly established Supreme Court precedent, or

4

was based on an unreasonable determination of the facts.  28 U.S.C. § 2254(d).

In California, pre-sentence credits are awarded pursuant to Penal Code section 2900.5.[1]  The purpose of section 2900.5 is to endure that a person held in pre-trial custody on the basis of unproven charges will not serve a longer overall period of confinement upon conviction that a person who received an identical sentence but was not held in custody before the conviction.  See Bruner, 9 Cal. 4th at 1183-84.  As the California Court of Appeal correctly observed, however, a defendant cannot obtain credit for confinement prior to his conviction unless he proves that but for the conduct which led to the sentence against which he seeks credit, he would not have been subjected to pre-sentence custody.  See id. at 1193-95.

The denial of pre-sentence credit under section 2900.5 may constitute denial of a state-created liberty interest that is protected by the Due Process Clause.  It is clear, however, that California has not created a liberty interest in credit for any period of pre-sentence custody for which a defendant cannot show "'that he could have been free'" during the time period in question "'but for the same conduct that led to the instant conviction and sentence.'"  Robinson v. Marshall, 66 F.3d 249, 250 (9th Cir. 1995) (quoting Bruner, 9 Cal. 4th at 1195).[2]

---

[1] Pre-sentence credits under section 2900.5 also include work time/good time credits earned pursuant to section 4019, i.e., one day of work performance and one day of good behavior credit for every six days served for prisoners confined in county or city jails, industrial farms or road camps.  See People v. Sage, 26 Cal. 3d 498, 502-03 (1980).

[2] Limiting credit for time served on account of the offense or conduct involved is not patently arbitrary.  Nor is refusing to count time which is being served on account of an entirely different offense.  Neither section 2900.5, nor its current application, violates due process or equal protection.  See Robinson, 66 F.3d at 250-51.

5

Petitioner has not established a violation of section 2900.5 because he cannot show that he could have been free during the time period in question "but for" the same conduct that led to his conviction and sentence for grand theft and passing a check with insufficient funds. See id. Petitioner admitted his parole was revoked in part because he absconded. He cannot show that the conduct underlying his theft crimes conviction was the "but for" reason for the disputed period of custody. Petitioner is not entitled to federal habeas relief because he was not denied any liberty interest created by section 2900.5. See id.; Lyons v. Pliler, No. C 98-1890 CRB (PR), 1999 WL 179677, at *10 (N.D. Cal. Mar. 29, 1999). The state courts' rejection of petitioner's claim was not objectively unreasonable. See 28 U.S.C. § 2254(d); Williams, 529 U.S. at 409.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

The clerk shall enter judgment in favor of respondent and close the file.

SO ORDERED.

DATED:   June 12, 2006

CHARLES R. BREYER
United States District Judge